IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY L. BECKETT, :
    Plaintiff :
: No. 1:18-cv-00329
    v. :
: (Judge Rambo)
GRANT, et al., :
    Defendants :

## MEMORANDUM

Plaintiff, Harry L. Beckett, an inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed this civil action pursuant to 42 U.S.C. § 1983 on February 9, 2018. (Doc. No. 1.) Plaintiff appears to allege conditions of confinement and deprivation of property claims against nineteen (19) Defendants from the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania ("SCI-Smithfield"). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint prior to service of process.

**I.    BACKGROUND**

Plaintiff's complaint consists of one large paragraph that appears to allege conditions of confinement and deprivation of property claims. (Doc. No. 1 at 4, 5.) A strained review of Plaintiff's allegations appears that he alleges that while housed at SCI-Smithfield, he was subjected to a cold cell that did not have heat. (Doc. No. 1 at 4.) Plaintiff claims that Defendants knew that Plaintiff's living

1

environment was cold and did not have heat, but failed to appropriately remedy the situation. (Id.) Plaintiff also alleges that he had two original, laminated legal documents in his cell that went missing after a cell search. (Id. at 5.) These documents appear to have been related to a prior habeas action filed by Plaintiff that was denied in January 2006. See Beckett v. Kyler et al., Civ. No. 3-01716 (M.D. Pa. 2006). Plaintiff requests, inter alia, compensation for the "two legal documents" that were "lost/destroyed" by Defendants. (Id.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint

3

"not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

4

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### III. SECTION 1983 STANDARD

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their

5

subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## IV. DISCUSSION

### A. Condition of Confinement Claim

Plaintiff's first claim is construed as a condition of confinement claim, implicating the Eighth Amendment. (Doc. No. 1 at 4.) Plaintiff alleges that he was housed in a cold environment with no heat. (Id.) A condition of confinement claim must be so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measures of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). The claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.)

The duration of the complainant's exposure to the alleged unconstitutional conditions and the "totality of the circumstances" are critical to a finding of cruel and inhumane treatment. Brown v. Rodarmel, Civ. No. 10-293, 2013 WL 1249023, at *12 (M.D. Pa. Mar. 27, 2013). As set forth in Wilson v. Seiter, 501 U.S. 294, 304-05 (1991):

> Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and [unusual] punishment when no specific deprivation of a single human need exists.

Wilson, 501 U.S. at 304-05.

Additionally, "the inmate must show that the prison official responsible for the conditions of confinement acted with 'a sufficiently culpable state of mind.'" Brown, 2013 WL 1249023, at *13 (citing Wilson 501 U.S. at 304-05). A violation of the Eighth Amendment occurs when the prison official acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety.

7

See Farmer, 511 U.S. at 837. "Critical factors which must be considered are the duration of the complainant's exposure to the alleged unconstitutional conditions and the totality of the circumstances." Brown, 2013 WL 1249023, at *13.

Here, noticeably silent is the severity and duration of Plaintiff's alleged exposure to cold temperatures in his cell or whether any alternative means were afforded him to protect him from the cold. (Doc. No. 1 at 4); See Rosa-Diaz v. Harry, Civ. No. 16-2303, 2017 WL 1316946, at *9 (M.D. Pa. Feb. 2, 2017) (citing Dixon v. Godinez, 114 F.3d, 640, 643 (7th Cir. 1997) ("[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional."). Without any further allegations, the Court is constrained to find that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff will be given an opportunity to file an amended complaint to cure these pleading deficiencies.

In addition to the pleading deficiencies, Plaintiff has not alleged which Defendants were involved in the conduct giving rise to this instant action. Rather, it appears that Plaintiff seeks to hold every Defendant liable premised on a theory of respondeat superior. However, local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil

rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.)

Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs…. [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-

filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., Civ. No. 06–1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table).

As the Court stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode, 845 F.2d at 1207; see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d

327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983).

Here, Plaintiff has failed to allege any personal involvement of Defendants. As presently drafted, Plaintiff's claim against these supervisory Defendants consist of little more than assertions of respondeat superior liability. As a matter of law, these assertions do not suffice to state a claim against these Defendants. Accordingly, Defendants will be dismissed without prejudice. Plaintiff will be granted leave to amend his complaint to include specific allegations, if any, against each Defendant in order to cure the noted deficiencies.

### B. Deprivation of Personal Property Claim

Plaintiff claims that two legal documents were missing after a search of his cell was conducted. (Doc. No. 1 at 5.) Construing this as a Due Process claim based on Defendants' alleged seizure of and/or failure to return his property, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The Supreme Court has held that the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. Hudson v. Palmer, 469 U.S. 517, 533 (1984); see also Belle v. Crawford, Civ. No. 91-8013, 1994 WL 136986, at *7 (E.D. Pa. Apr. 8, 1994); Brandt v. Wenerowicz, 698 F. App'x 673, 678 (3d Cir. 2017) ("With regard to his due process claim, the

District Court properly determined that the availability of a post-deprivation grievance procedure afforded him sufficient due process in connection with his confiscated property."); Tapp v. Proto, 404 F. App'x 563, 567 (3d Cir. 2010) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.").

Here, Plaintiff's allegation reveals that he filed a grievance related to his "lost/destroyed" documents. (Doc. No. 1 at 5.) Plaintiff provides that he exhausted this grievance "without resolve," and that the Final Review from a Cpt. Ike (not a named Defendant), stated that "it is noted that you state the laminated sheet[s] were missing after the Search. I do not contest that but have no record of confiscation." (Id.) The Court finds that the prison grievance process and Pennsylvania law provided Plaintiff with adequate remedies based on Plaintiff's property claim and consequently, there is no basis for a Due Process claim. See McClain v. Lozar, Civ. No. 08-4637, 2018 WL 547233, at *3 (E.D. Pa. Jan. 23, 2018) (finding that because the prison grievance process and Pennsylvania law provided the prisoner with adequate remedies, there was no basis for his Due Process claims stemming from the alleged deprivation of his property); Simmons v. Szelewski, 642 F. App'x 95 (3d Cir. 2016) (affirming district court's dismissal of inmate's due process claim because inmate availed himself of an adequate post-

12

deprivation remedy when he utilized the prison's internal grievance system).

Accordingly, this claim will be dismissed with prejudice.[1]

### C. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

---

[1] To the extent that Plaintiff is raising an access to the courts claim, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Specifically, to state such a claim, Plaintiff's complaint must "describe the underlying arguable claim well enough to show that it is more than mere hope, and . . . describe the lost remedy." Simmons, 642 F. App'x at 98. Here, Plaintiff neither describes what these two, laminated legal documents were nor does he describe the underlying arguable claim. (Doc. No. 1 at 5.) Moreover, Plaintiff fails to describe what remedy was lost. (Id.) Indeed, it appears from the face of Plaintiff's complaint that he does not assert he lost any remedy as these two documents related to a closed habeas case. (Id.)

13

Here, Plaintiff will be afforded an opportunity to file an amended complaint as it relates to his Eighth Amendment condition of confinement claim. Plaintiff will not be granted leave to amend his deprivation of property or access to the courts claim because any such amendment would be futile. See Simmons, 642 F. App'x at 98. Should Plaintiff elect to file an amended complaint related to his condition of confinement claim, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), will be granted. Plaintiff's complaint (Doc. No. 1), is dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be afforded thirty (30) days from the date of this Memorandum's corresponding Order in

which to file an amended complaint in conformance with the above. An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: March 28, 2018