# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY L. BECKETT, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-00329 |
| v. | : | |
| | : | (Judge Rambo) |
| GRANT, et al., | : | |
|     Defendants | : | |

## **MEMORANDUM**

Plaintiff, Harry L. Beckett, an inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed this civil action pursuant to 42 U.S.C. § 1983 on February 9, 2018. (Doc. No. 1.) After performing an initial screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court dismissed Plaintiff's complaint and granted him leave to file an amended complaint. (Doc. Nos. 8, 9.) After granting Plaintiff two extension Orders in which to file an amended complaint (Doc. Nos. 12, 14), Plaintiff filed an amended complaint on August 15, 2018. (Doc. No. 15.) The Court will screen the amended complaint pursuant to the PLRA.

## I. BACKGROUND

Plaintiff's amended complaint appears to allege a conditions of confinement claim and a deliberate indifference to a serious medical need claim pursuant to the Eighth Amendment against Defendants from three separate state correctional

institutions, the institutions themselves, and the Pennsylvania Department of Corrections ("DOC").[1] (Doc. No. 15 at 1.)

From a constrained review of Plaintiff's twenty-two (22) page narrative amended complaint, it appears that Plaintiff suffers from a number of medical ailments, including Complex Regional Pain Syndrome ("CRPS"), which cold temperatures tend to aggravate and worsen his symptoms. (Doc. No. 1 at 1, 2, 28, 29.) The gist of Plaintiff's amended complaint is that he was placed in an extremely cold cell and was forced to live in cold conditions that aggravated his medical conditions. (Id. at 2, 8, 9.) From the amended complaint, it is nearly impossible to determine what institution Plaintiff claims that these incidents occurred at as he mentions SCI-Huntingdon, SCI-Smithfield, and SCI-Laurel Highlands throughout the amended complaint; however, it appears that under the heading "MAIN COMPLAINT" on page eight of Plaintiff's amended complaint, the incidents that form the alleged constitutional violations in this instant action took place at SCI-Laurel Highlands.[2] (Id. at 8.)

---

[1] The caption of Plaintiff's amended complaint sets forth the following correctional institutions and the respective individual Defendants as follows: (1) SCI-Laurel Highlands: Unit Manager T. Grant, Counselor Wilson, CHCA Kowalewski, RNS Schrock, Medical Director Dancha, Dr. Mihaly; (2) SCI-Smithfield: Sergeant Bub, Correctional Officer Savino, Medical Director Frommer; and (3) SCI-Huntingdon: unknown staff. (Doc. No. 15 at 1.)

[2] SCI-Laurel Highlands is located in the Western District of Pennsylvania. See https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Laurel-Highlands.aspx (last accessed Sept. 9, 2018). Given the vague allegations of Plaintiff's amended complaint, the Court cannot determine at this stage whether this matter should be transferred to the United States District Court for the Western District of Pennsylvania, as venue would be proper there pursuant to 28

Plaintiff claims that he was transferred to SCI-Laurel Highlands and given a cell directly underneath six vents that blew constant cold air on him and despite complaining and filing grievances, he was never provided any relief. (Id. at 8, 9.) It further appears that Plaintiff claims that he had previously been granted certain accommodations for his medical ailments such as being assigned a single cell, being granted extended showers, and being provided with winter gear as needed at previous institutions such as SCI-Huntingdon and SCI-Smithfield, but was denied the same by SCI-Laurel Highland Defendants. (Id. at 13, 14, 19.) Plaintiff seeks compensatory and punitive damages. (Id. at 20.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this

---

U.S.C. §§ 1391(b) and 1406(a) if in fact the events concerning the instant action occurred at SCI-Laurel Highlands.

mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified

the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429

U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### B. 42 U.S.C. § 1983

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton

v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## III. DISCUSSION

### A. Official Capacity Claims & Claims Against the DOC and State Correctional Institutions

To the extent that Plaintiff has brought suit against Defendants in their official capacities, a state official sued in his or her official capacity is not a "person" for purposes of § 1983 when a plaintiff seeks monetary damages, as the Supreme Court has not construed § 1983 as an abrogation of the states' Eleventh Amendment immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-71 (1989). Will precludes actions for damages against state officials acting in their official capacities. Id. at 63-71  However, the state's immunity is not shared by

7

state officers to the extent that the suit seeks prospective injunctive or declaratory relief or seeks damages from the officers in their individual capacities. Ex parte Young, 209 U.S. 123 (1908); see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635 (2002). Consequently, the Court will dismiss all claims asserted against Defendants in their official capacities with prejudice in which Plaintiff seeks monetary damages.

Additionally, Plaintiff names as Defendants the DOC, SCI-Laurel Highlands, SCI-Huntingdon, and SCI-Smithfield. (Doc. No. 15 at 1.) However, these entities are not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, No. 3:12-cv-524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will, 491 U.S at 64 (holding that a State is not a "person[]" under § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, No. 1:cv-08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. And Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006).

### B. Respondeat Superior

While Plaintiff names some Defendants in the caption of the amended complaint it also appears that he names other Defendants only in the body of the amended complaint; however, the Court finds that the allegations of the amended complaint are devoid of any factual averments that identifies any Defendant engaged in misconduct or how each Defendant was involved in the alleged wrongdoing. This form of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 241 F. App'x 519, at 422 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

To the extent Plaintiff seeks to hold supervisory Defendants liable for the alleged Eighth Amendment violations, Plaintiff fails to provide any allegations of personal involvement in his complaint against the supervisory Defendants. Plaintiff has not alleged which Defendants were involved in the conduct giving rise to this instant action. Rather, Plaintiff seeks to hold every Defendant liable premised on a theory of respondeat superior. However, local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged

wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.)

Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs…. [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and

administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., Civ. No. 06-1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table).

As the Court stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode, 845 F.2d at 1207; see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d

11

327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983).

Here, the Court again finds that Plaintiff's amended complaint fails to allege any personal involvement of Defendants or any factual averments that identifies which Defendants engaged in misconduct and how each Defendant was involved in the alleged wrongdoing. As presently drafted, Plaintiff's claims against the supervisory Defendants consist of little more than assertions of respondeat superior liability. As a matter of law, these assertions do not suffice to state a claim against these Defendants. Accordingly, Defendants will be dismissed without prejudice. Plaintiff will be granted leave to amend his complaint to include specific allegations, if any, against each Defendant in order to cure the noted deficiencies.

### C. Federal Rules of Civil Procedure 10(a) and 20

Plaintiff's amended complaint appears to contain allegations of distinct acts committed by disparate parties at different times, spanning at least three years at different places, including at least three correctional institutions, one of which – SCI-Laurel Highlands – is outside of this district. (Doc. No. 15 at 1, 7, 18.) Moreover, while Plaintiff names a number of individual Defendants in the caption of his amended complaint, the body of the amended complaint contains various other individuals, purportedly Defendants in this suit, that are not named in the

caption. (Doc. No. 15.) This runs afoul of Federal Rule of Civil Procedure 10(a) which requires that the "title of the complaint must name all the parties."

Moreover, Federal Rule of Civil Procedure 20 provides that:

> Persons … may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Rule 20(a) is designed to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." See Mosley v. C.M. Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). The decision as to whether permissive joinder should be permitted is within the Court's sound discretion. Id. In deciding whether to join parties, the Court should use a liberal standard. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 160 (S.D. N.Y. 2009). The Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), stated:

> [u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

Id. at 724. A case-by-case analysis should be made by the Court in determining if a plaintiff's claims arise out of the same transaction or occurrence. Mosely, 497

F.2d at 1333. The Court should look to the "logical relationship" of the transactions involved. Id. (quotation omitted). In determining whether a "logical relationship" exists between claims, the Third Circuit in Xerox Corp. v. SCM Corp., 576 F.2d 1057 (3d Cir.1978), stated that:

> a detailed analysis must be made to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.

Id. at 1059. Courts in this Circuit have found that "the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question of law or fact common to all joined parties." Norwood Co. v. RLI Ins. Co., Civ. No. 01-6153, 2002 WL 523946 at *3 (E.D. Pa. Apr. 4. 2002).

Given the alleged acts were committed by disparate parties at different times, spanning at least three years at different correctional institutions, coupled with the less than succinct and comprehensible amended complaint, the Court will dismiss the amended complaint and grant Plaintiff leave to file a second amended complaint. Plaintiff must specifically set forth the names of all individual Defendants in the caption of the second amended complaint, along with specific averments in the body of the complaint as to how each individually named Defendant has violated Plaintiff's constitutional rights. Moreover, to the extent Plaintiff intends to name Defendants from three separate correctional facilities, he

must set forth how his claims arise out of the same series of transactions or occurrences.

## IV. LEAVE TO AMEND

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, Plaintiff will be afforded an opportunity to file a second amended complaint related to his condition of confinement claim and deliberate indifference to a serious medical need claim. He is advised that the second amended complaint must be complete in all respects. It must be a new pleading which stands by itself

without reference to the original complaint or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. The Court will also direct the Clerk of Court to mail Plaintiff a civil rights complaint form to use for filing his second amended complaint, which the Court encourages Plaintiff to use.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (Doc. No. 15), is dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be afforded thirty (30) days from the date of this Memorandum's corresponding Order in which to file second amended complaint in conformance with the above. An appropriate Order follows.

 s/Sylvia H. Rambo   
SYLVIA H. RAMBO  
United States District Judge

Dated: September 12, 2018