# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY L. BECKETT,** | : | |
|     **Plaintiff,** | : | |
| | : | No. 1:18-cv-00329 |
| v. | : | |
| | : | (Judge Rambo) |
| **U.M. GRANT, <u>et al.</u>,** | : | |
|     **Defendants.** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff Harry L. Beckett ("Plaintiff"), who is proceeding <u>pro se</u> and <u>in forma pauperis</u>, has brought the above-captioned action pursuant to the provisions of 42 U.S.C. § 1983. (Doc. No. 1.) On November 28, 2022, the United States Court of Appeals for the Third Circuit filed its Opinion (Doc. No. 68-2) and Mandate (Doc. No. 68) with this Court, which affirmed in part and vacated in part this Court's Memorandum and Order entered on October 2, 2019 (Doc. Nos. 54, 55). In pertinent part, the Third Circuit vacated and remanded this Court's Order discussing Plaintiff's Eighth Amendment conditions of confinement claims, Eighth Amendment medical needs claims, and First Amendment retaliation claims. (Doc. No. 68-2 at 3-9.) The Third Circuit affirmed, however, this Court's Order discussing its other grounds for dismissal. (<u>Id.</u> at 9-10 (noting that: Eleventh Amendment immunity applies to the Pennsylvania Department of Corrections' facilities, its Bureau of Health Care Services, and its Office of Population Management;

Plaintiff's alleged violations of the Americans with Disabilities Act and the Health Insurance Portability and Accountability Act failed to state a claim; and Plaintiff failed to allege the personal involvement of Defendant Dr. Frommer). In response to the Third Circuit's remand, this Court re-opened the above-captioned action and directed the parties to complete discovery by June 9, 2023, and to file any dispositive motions on or before August 8, 2023. (Doc. No. 69.)

Presently before the Court are Defendants' separate motions seeking an extension of the dispositive motions deadline.[1] (Doc. Nos. 77, 79.) Also presently before the Court are Plaintiff's motions: a motion seeking the appointment of counsel (Doc. No. 71); a motion seeking an order to show cause for a preliminary injunction and a temporary restraining order (Doc. No. 73); a motion to strike the praecipe to amend substitution of appearance filed by counsel for the DOC Defendants (Doc. No. 75); and Plaintiff's motion to stay the proceedings (Doc. No. 78). The Court, having reviewed the parties' motions, will grant Defendants' motions and extend the dispositive motions deadline in this matter. In addition, the Court will grant in part and deny in part Plaintiff's various motions.

---

[1] Remaining in this action are the Pennsylvania Department of Corrections ("DOC") Defendants (Doc. No. 79) and the Medical Defendants (Doc. No. 77). See also (Doc. Nos. 68, 68-2). Notably, the DOC Defendants' motion was filed nunc pro tunc. (Doc. No. 79.)

2

Of all of these motions, the Court will briefly address Plaintiff's motion seeking the appointment of counsel. (Doc. No. 71.) Although indigent civil litigants have no constitutional or statutory right to the appointment of counsel, district courts have broad discretionary power to request appointed counsel for such litigants pursuant to 28 U.S.C. § 1915(e)(1). See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citations omitted). The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that district courts are to follow when deciding whether to request appointed counsel to represent an indigent civil litigant. See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019).

First, as a threshold inquiry, the district court must consider whether the plaintiff's case has some arguable merit in fact and law. See Montgomery, 294 F.3d at 498-99 (citations omitted). Second, if the district court determines that the plaintiff's case has some arguable merit in fact and law, then the district court is to consider other factors, including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See Houser, 927 F.3d at 697 (citations omitted). This list, however, "is not meant to be exhaustive." See Tabron v. Grace,

6 F.3d 147, 157 (3d Cir. 1993); see also Houser, 927 F.3d at 700 (stating that "[w]e have always emphasized that [these] factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress.  They are not exhaustive, nor are they each always essential").  Rather, the district court must determine on a case-by-case basis whether a request for appointed counsel is warranted.  See Tabron, 6 F.3d at 157-58.

Having reviewed Plaintiff's motion, the Court concludes that a request for appointed counsel is not warranted at this time.  Under the process outlined above, the Court must consider whether Plaintiff's case has some arguable merit in fact and law and, if so, whether the pertinent factors warrant the appointment of counsel.

Even assuming that Plaintiff's case has some arguable merit in fact and law, the Court would still find that Plaintiff has the apparent ability to read, write, and understand English, as well as the apparent ability to litigate this action pro se, as demonstrated by the filing of his original complaint and several amended complaints, his responses to Defendants' previously filed motions to dismiss, his meritorious appeal to the Third Circuit concerning this Court's ruling on those motions to dismiss, and his recent motions, including his motion seeking the appointment of counsel.  (Doc. Nos. 1, 15, 19, 22, 52, 68, 69, 71, 73, 75, 78.)  Accordingly, given the Court's duty to liberally construe Plaintiff's pro se pleadings, see Riley v. Jeffes, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with his apparent

ability to litigate this action, the Court concludes that the appointment of counsel is not warranted at this time.

Additionally, with respect to Plaintiff's concerns regarding his present incarceration and his physical and mental "disabilities" (Doc. No. 71 at 1), the Court notes that, if Plaintiff were to need extensions of time to respond to filings and Orders in this matter, which would require a response from him, then he need only request an extension from the Court at the appropriate time. And, in the event that future proceedings would otherwise demonstrate the need for counsel, then the Court may reconsider this matter either <u>sua sponte</u> or upon a motion properly filed by Plaintiff.

**AND SO**, on this 15th day of August 2023, in accordance with the foregoing, **IT IS ORDERED THAT**:

1. Defendants' motions seeking an extension of the dipositive motions deadline (Doc. Nos. 77, 79) is **GRANTED**, and any dispositive motions shall be filed in the above-captioned action on or before **September 14, 2023**;[2]

2. Plaintiff's motion seeking the appointment of counsel (Doc. No. 71) is **DENIED**. As stated above, in the event that future proceedings would otherwise demonstrate the need for counsel, then the Court may reconsider this matter either <u>sua sponte</u> or upon a motion properly filed by Plaintiff;

---

[2] Because Plaintiff asserts that he was recently transferred to a different correctional institution and that there would be a delay in receiving his property, the Court will extend the dispositive motions deadline by thirty (30) days from the date of this Order. (Doc. No. 78 (stating that his property would not arrive until August 8, 2023, the date of the previously ordered deadline for filing dispositive motions).)

3. Plaintiff's May 24, 2023 filing (Doc. No. 73), which has been docketed as a motion seeking an order to show cause for a preliminary injunction and temporary restraining order, is **DENIED**. Plaintiff has not filed a motion for a preliminary injunction or a temporary restraining order. At most, Plaintiff's filing appears to be a proposed order relative to a preliminary injunction and/or temporary restraining order. (Doc. No. 73.) Thus, to the extent that Plaintiff's filing can be characterized as a motion, the Court denies the motion at this time;

4. Plaintiff's motion to strike the praecipe to amend substitution of appearance filed by counsel for the DOC Defendants (Doc. No. 75) is **GRANTED in part** and **DENIED in part** as follows:

    a. In the second amended complaint, Plaintiff has named "B Block Counselor" as one of the DOC Defendants. (Doc. No. 22 at 2.) In the praecipe to amend substitution of appearance, counsel for the DOC Defendants states that "B Block Counselor" has not yet been identified. (Doc. No. 74 at 3.) In Plaintiff's motion to strike the praecipe, however, Plaintiff asserts that this Defendant is "Mr. Morningstar." (Doc. No. 75 at 1.) Thus, the Court grants Plaintiff's motion to the extent that the DOC Defendants shall **FILE** a response to Plaintiff's assertion (i.e., that "B Block Counselor" is "Mr. Morningstar") within **fourteen (14) days** of the date of this Order;

    b. To the extent, however, that Petitioner seeks to strike counsel's praecipe to amend his substitution of appearance, in its entirety, the Court denies Plaintiff's motion. Counsel is permitted to amend his substitution of appearance in order to correctly assert who he is representing in this action;

5. Plaintiff's motion to stay the proceedings (Doc. No. 78) is **DENIED**. Plaintiff asserts that he was transferred from SCI Fayette to SCI Dallas and that there would be a delay in receiving his property. (Id.) Although the Court denies Plaintiff's request to stay these proceedings, if Plaintiff were to need extensions of time to respond to filings and Orders in this matter, which would require a response from him, he need only request an extension from the Court at the appropriate time; and

6

6.     The Clerk of Court is directed to **TERMINATE** the following Defendants from the caption of the docket in this case: SCI Laurel Highlands; SCI Smithfield; SCI Huntingdon; Office of Population Management; Bureau of Health Care Services; and Dr. Frommer.[3]

                                                          s/ Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge

---

[3] As noted above, the Third Circuit affirmed this Court's Order discussing certain grounds for dismissal. (Doc. No. 68-2 at 9-10 (noting that: Eleventh Amendment immunity applies to the Pennsylvania Department of Corrections' facilities, its Bureau of Health Care Services, and its Office of Population Management; Plaintiff's alleged violations of the Americans with Disabilities Act and the Health Insurance Portability and Accountability Act failed to state a claim; and Plaintiff failed to allege the personal involvement of Defendant Dr. Frommer). As such, these Defendants can be terminated from the Court's docket.